1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MARIO BONILLA,                          Case No.  25-cv-05203-DMR

                    Plaintiff,
8
                                             **ORDER ON DEFENDANT'S MOTION**
9           v.                               **FOR JUDGEMNT ON THE**
                                             **PLEADINGS**
10   AMERICAN GENERAL LIFE
     INSURANCE COMPANY,                       Re: Dkt. No. 9
11
                    Defendant.
12

13          Plaintiff Mario Bonilla brings this complaint against Defendant American General Life

14   Insurance Company ("American General") alleging a violation of 42 U.S.C. § 1981 and breach of

15   contract.  [Docket No. 1-2 (Compl.).]  American General now moves for judgment on the

16   pleadings pursuant to Federal Rule of Civil Procedure 12(c).  [Docket No. 9 (Mot.).]

17          This matter is suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the

18   following reasons, American General's motion is GRANTED.

19   I.     **BACKGROUND**

20          A.     **Factual Background**

21          The following allegations in the complaint are taken as true for the purposes of the

22   motion.[1]  Plaintiff is a lawful permanent resident of the United States who was born in Colombia.

23   Compl. ¶¶ 1, 8.  On July 22, 2020, Plaintiff applied for a life insurance policy with American

24   General in the amount of $100,000.  *Id.* ¶ 7.  During the initial telephone interview with American

25   ─────────────────────

26   [1] "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because,
     under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true,
27   entitle the plaintiff to a legal remedy.'"  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.
     2012) (quoting *Brooks v. Dunlop Mfg. Inc.,* No. C 10–04341 CRB, 2011 WL 6140912, at *3 (N.D.
28   Cal. Dec. 9, 2011)).

United States District Court
Northern District of California

United States District Court
Northern District of California

General Agent Brenda Pelayo, Plaintiff disclosed that he was born in Colombia and had misplaced his permanent resident card (green card), but was in the process of obtaining a replacement. *Id.* ¶ 8. Plaintiff asked if alternative documentation would be acceptable to prove his lawful permanent resident status if his replacement green card did not arrive in time, and Agent Pelayo confirmed that it would be. *Id.* ¶ 9. Plaintiff's girlfriend, Deborah Stevenson, who is not of Colombian origin, also applied for an identical life insurance policy through Agent Pelayo at the same time. *Id.* ¶ 11.

On September 29, 2020, Plaintiff was informed by Agent Pelayo that his insurance application had been denied due to a positive test result for Hepatitis C. *Id.* ¶ 13. Plaintiff had never been diagnosed with Hepatitis C, and on November 12, 2020, obtained lab test results from his physician at Marin Community Clinics which showed that Plaintiff did not have Hepatitis C. *Id.* ¶¶ 13-15. Plaintiff submitted the lab results to American General for reconsideration of his application. *Id.* ¶ 16. On December 15, 2020 and January 4, 2021, Plaintiff received additional inquiries from American General, including a request for Plaintiff's physician's office notes and questions about a doctor's appointment that Plaintiff had never attended. *Id.* ¶¶ 18-19. American General also requested a copy of Plaintiff's green card. *Id.* ¶ 21. Plaintiff explained that his green card was still being replaced, and he sent alternative documentation to American General to verify his lawful permanent resident status. *Id.* ¶¶ 22-23. On January 11, 2021, Plaintiff received a voicemail from Agent Pelayo which stated: "Your green card is going to expire in six months, if so, American General cannot accept your application, if not true, call me back." *Id.* ¶ 24. Plaintiff attempted to contact Agent Pelayo through voicemail and email to clarify that his permanent resident status was not expiring; he was only replacing his physical card. *Id.* ¶ 25. Plaintiff did not receive a response. *Id.* ¶ 26. On January 14, 2021, Plaintiff sent a written notice to American General that he was canceling his application due to lost faith and trust in the company. *Id.*

On May 20, 2021, Plaintiff filed a complaint with the California Department of Insurance (CDI) regarding American General's handling of his application. *Id.* ¶ 27. On June 10, 2021, in response to the CDI investigation, American General claimed that Plaintiff's application was rejected due to his "foreign national status," and because he did not have a "valid green card with

1    at least 6 months remaining on it," even though such requirement was never communicated to

2    Plaintiff before his application was denied and was not stated in the written application materials.

3    *Id.* ¶ 28.  American General also claimed that it had sent Plaintiff a denial letter on January 8,

4    2021, but Plaintiff never received this letter.  *Id.* ¶ 30.  On August 13, 2021, American General

5    provided a different explanation to the CDI, now claiming that Plaintiff's lab tests were

6    insufficient because they lacked a specific Hepatitis C antibody test—despite Plaintiff having

7    submitted antibody tests to American General.  *Id.* ¶ 31.  On September 28, 2021, American

8    General "definitively reject[ed]" both Plaintiff's lab work and USCIS documentation.  *Id.* ¶ 32.

9    As of May 2021, Plaintiff's Medical Information Bureau report still showed inaccurately that he

10   had abnormal Hepatitis C lab results, potentially affecting Plaintiff's ability to obtain insurance

11   from other companies.  *Id.* ¶ 35.

12        Plaintiff's girlfriend was approved for the American General life insurance policy without

13   issue.  *Id.* ¶ 33.  Plaintiff alleges that he was discriminated against "based on Plaintiff's national

14   origin (Colombian)."  *Id.* ¶ 34.

15        **B.    Procedural History**

16        Plaintiff initially brought the case in state court on May 5, 2025, alleging two claims.  His

17   first claim is for "Violation of 42 U.S.C. § 1981 (National Origin Discrimination)," alleging

18   discrimination against Plaintiff on the basis of his status as a lawful permanent resident from

19   Colombia in the making and enforcement of his insurance contract.  Compl. ¶ 46.  His second

20   claim is for breach of contract, alleging that he entered into a "valid and enforceable contract for

21   life insurance on or about August 20, 2020, when Plaintiff completed and submitted his

22   application and American General began the underwriting process."  *Id.* ¶ 55.

23        American General removed the case to federal court on June 20, 2025 and subsequently

24   filed an answer.  [Docket Nos. 1 (Removal Notice); 5 (Answer).]  On July 7, 2025, American

25   General filed this motion for judgment on the pleadings.  Plaintiff failed to meet his deadline to

26   oppose or file a non-opposition to the motion.  [Docket No. 10.]  The court issued two orders to

27   show cause, and Plaintiff twice failed to provide a satisfactory response to the orders to show

28   cause.  [Docket Nos. 11-13.]  On August 6, 2025, the court dismissed the case without prejudice

United States District Court
Northern District of California

1    for failure to respond to the court's second order to show cause. [Docket No. 14.]

2        Plaintiff later filed a motion to set aside dismissal, which the court ultimately granted on

3    September 29, 2025. [Docket No. 25.] Pursuant to court order, American General's motion for

4    judgment on the pleadings was deemed submitted on September 29, 2025. Plaintiff filed an

5    opposition. [Docket No. 30 (Opp'n).] American General filed a reply. [Docket No. 31 (Reply).]

6    **II.    LEGAL STANDARDS**

7        "After the pleadings are closed—but early enough not to delay trial—a party may move for

8    judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly

9    granted when, accepting all factual allegations in the complaint as true, there is no issue of

10   material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez*

11   *v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must construe all factual

12   allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d

13   922, 925 (9th Cir. 2009).

14       "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review

15   applies to motions brought under either rule." *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys.,*

16   *Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "must assess whether the

17   complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is

18   plausible on its face.'" *Chavez*, 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

19   (2009)). "Mere conclusory statements in a complaint and 'formulaic recitations of the elements of

20   a cause of action' are not sufficient." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

21   (2007)).

22       "Although Rule 12(c) does not mention leave to amend, courts have the discretion in

23   appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of

24   the action instead of entry of judgment." *Barone v. Dep't of Motor Vehicles*, No. 3:23-CV-00858-

25   WHO, 2024 WL 333887, at *3 (N.D. Cal. Jan. 29, 2024) (quoting *Cagle v. C & S Wholesale*

26   *Grocers Inc.*, 505 B.R. 534, 538 (E.D. Cal. 2014)). "Indeed, granting a Rule 12(c) motion and

27   '[d]ismiss[ing] with prejudice and without leave to amend is not appropriate unless it is clear . . .

28   that the complaint could not be saved by amendment.'" *Id.* (quoting *Harris v. Cnty. of Orange*,

4

1    682 F.3d 1126, 1131 (9th Cir. 2012)).

2    **III.    DISCUSSION**

3        **A.    Breach of Contract**

4            The court first addresses the parties' breach of contract arguments, as it affects the court's

5    section 1981 analysis.  American General argues that no breach occurred because no contract with

6    Plaintiff was ever formed since Plaintiff merely applied for an insurance policy.  Mot. 16.  In

7    anticipation of American General's argument, Plaintiff's complaint cites *Smith v. Westland Life*

8    *Ins. Co.*, 15 Cal. 3d 111 (1975) for the proposition that submission of an insurance application is

9    sufficient to establish a contractual relationship until the insurer "both communicates notice of

10   rejection and refunds any premium payment to the applicant."  Compl. ¶ 56.  In opposition to the

11   12(c) motion, Plaintiff further argues that American General's letters to Plaintiff referred to a

12   "policy number" and "coverage concepts like a 'Limited Temporary Life Insurance Agreement,'"

13   suggesting there was a contractual relationship between Plaintiff and American General.  Opp'n 5.

14   Plaintiff attached additional evidence to his opposition, including his declaration and eight

15   exhibits.  [Docket Nos. 30-1 (Mario Bonilla Decl., Oct. 14, 2025); 30-2 (Bonilla Decl. Exhibits).]

16           "Under California law, a contract of temporary insurance may arise from completion of an

17   application for insurance and payment of the first premium, if the language of the application

18   would lead an ordinary layperson to conclude that coverage was immediate."  *State Farm Mut.*

19   *Auto. Ins. Co. v. Khoe*, 884 F.2d 401, 405 (9th Cir. 1989).  Plaintiff has not alleged that he paid

20   any premium, nor has he alleged that the language of the American General application would

21   lead an ordinary layperson to conclude that coverage was immediate.  Instead, Plaintiff vaguely

22   asserts that the allegations "raise at least a plausible formation/offer-and-acceptance dispute and,

23   alternatively, support implied-in-fact or promissory-estoppel theories that can be pled if

24   necessary" because American General spent multiple months processing Plaintiff's application

25   and made alternative policy offers to Plaintiff.  Opp'n 10.  Plaintiff does not cite any authority to

26   support his argument that American General's conduct created a contractual obligation under any

27   theory, including implied-in-fact or promissory-estoppel theories.  Plaintiff provides no case law

28   holding that an insurance contract can be formed by simply submitting an application without

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1   more.  Plaintiff's reliance on *Smith* is misplaced.  The case is readily distinguishable because the

2   policyholder had paid the first month's premium along with his application for insurance.  *Smith v.*

3   *Westland Life Ins. Co.*, 15 Cal. 3d at 113-14.

4          The court cannot consider the additional evidence submitted by Plaintiff to determine this

5   motion.   "[A] court generally is confined to the pleadings on a Rule 12(c) motion."  *Gov't Emps.*

6   *Ins. Co. v. Nadkarni*, 391 F. Supp. 3d 917, 924 (N.D. Cal. 2019).  The "incorporation by

7   reference" doctrine permits the court to take into account documents "whose contents are alleged

8   in a complaint and whose authenticity no party questions."  *Knievel v. ESPN*, 393 F.3d 1068, 1076

9   (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999)).

10  Here, Plaintiff's declaration was not referenced in the complaint.  Furthermore, American General

11  disputes the authenticity of all of Plaintiff's exhibits except Exhibit 1 (which consists of excerpts

12  from Plaintiff's insurance application with American General).  [Docket No. 31-1 (Evidentiary

13  Objections).]  As a result, the court cannot consider the declaration or Exhibits 2-8.

14         Plaintiff has not alleged that a contract was formed under any theory, including implied-in-

15  fact or promissory-estoppel.  As the court cannot say with certainty that amendment would be

16  futile, the court grants Plaintiff leave to amend his complaint to state a contract claim.

17         **B.      Section 1981**

18         American General argues that Plaintiff's section 1981 claim fails because 1) section 1981

19  does not apply to discrimination based on national origin, 2) section 1981 is reverse preempted by

20  California state law, and 3) the claim is barred by the statute of limitations.  The court finds that

21  the statute of limitations issue is dispositive, and therefore does not reach the remaining arguments

22  because they are moot.

23         "[A] section 1981 claim is governed by either: (i) the two-year statute of limitations for

24  personal injury actions in California (if [the plaintiff's] claim would have been possible prior to

25  the 1991 amendments to section 1981); or (ii) the federal four-year statute of limitations set forth

26  in 28 U.S.C. section 1658 (if [the plaintiff's] claim was made possible by the 1991 amendments to

27  section 1981)."  *Fair v. Rosen*, No. CV 24-378-HDV(E), 2024 WL 4800693, at *4 (C.D. Cal.

28  Aug. 20, 2024) (citing *Jones v. R.R. Donnelley & Sons Co*., 541 U.S. 369, 382 (2004); *Johnson v.*

*Lucent Technologies, Inc*., 653 F.3d 1000, 1006 (9th Cir. 2011)).  "As first enacted, § 1981 provided in relevant part that 'all persons [within the jurisdiction of the United States] shall have the same right, in every State and Territory . . . to make and enforce contracts . . . as is enjoyed by white citizens.'"  *Jones*, 541 U.S. at 372 (quoting § 1 of the Civil Rights Act of 1866, 14 Stat. 27).  In 1991, Congress expanded section 1981 to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Id.* at 373 (quoting 42 U.S.C. § 1981(b)).

Plaintiff attempts to plead that a contract was formed and that American General's discriminatory conduct relates to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Opp'n 5 (quoting 42 U.S.C. § 1981(b)).  The four-year statute of limitations would apply in this scenario.  The last date identified by Plaintiff as being within the actionable period is September 28, 2021, which is within four years of the date that Plaintiff filed the complaint on May 5, 2025.

As discussed above, Plaintiff has not alleged the formation of a contract.  At most, Plaintiff's allegations relate to the making of a contract, which is a claim that would have been possible prior to the 1991 amendments.  As pleaded, the two-year statute of limitations applies.  September 28, 2021 is more than two years before the date that Plaintiff filed the complaint.

The section 1981 claim is barred by the statute of limitations and is dismissed with leave to amend to the extent Plaintiff is able to amend his complaint to plausibly allege that a contract was formed.

## IV.    CONCLUSION

The court grants American General's 12(c) motion and dismisses both of Plaintiff's claims with leave to amend.  This is Plaintiff's final opportunity to amend his complaint; Plaintiff must plead his best case.  The amended complaint is due by January 9, 2026.

**IT IS SO ORDERED.**

Dated: December 19, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California

7