United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO BONILLA,

Plaintiff,

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 25-cv-05203-ASK

**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY**

Re: Dkt. No. 56

Before the Court is Plaintiff Mario Bonilla's counsel's unopposed motion to withdraw from representation. Dkt. 56. Having considered the briefing, the Court finds this matter suitable for determination without oral argument. *See* N.D. Cal. Civ. L. R. 7-1(b). The Court **GRANTS** Counsel's motion to withdraw for the reasons explained below.

## I. BACKGROUND

The Court dismissed Mr. Bonilla's case with prejudice in March 2026 for failure to prosecute and entered judgment in favor of Defendant American General Life Insurance Company in April 2026. Dkts. 45, 48. The dismissal was based on Mr. Bonilla's failure to comply with multiple court orders. Dkt. 45.

Now, Mr. Bonilla's counsel seeks to withdraw from representation because Mr. Bonilla initiated a fee dispute against Counsel. Dkt. 56. Counsel attests to having served Mr. Bonilla with written notice of Counsel's withdrawal motion via U.S. mail to Mr. Bonilla's last known address and via email. Dkt. 56 at 8. Mr. Bonilla has not responded to Counsel's motion.

## II. DISCUSSION

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have

appeared in the case." Civ. L.R. 11–5(a). "In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Lopez v. Lee*, No. 23-CV-03660-HSG, 2025 WL 1940178, at *3 (N.D. Cal. July 15, 2025) (citation omitted); *see also* Civ. L.R. 11-4(a)(1).

"The decision to permit counsel to withdraw is within the sound discretion of the trial court." *BSD, Inc. v. Equilon Enterprises, LLC*, 2013 WL 942578, at *1 (N.D. Cal. Mar. 11, 2013) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). In ruling on motions to withdraw, courts have considered, among other things, (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Lopez*, 2025 WL 1940178, at *3.

All four factors weigh in favor of withdrawal. As to the first factor, Counsel explains that the attorney-client relationship "has broken down to the point that continued representation, to whatever limited extent any further step in this matter might require, is no longer workable." Dkt. 56 at 5. According to Counsel, Mr. Bonilla has initiated a "fee-dispute arbitration claim against Mr. Arrasmith and the firm" regarding "the firm's handling of his representation and the fees paid in connection with it." *Id*. As to the other factors, Counsel's withdrawal is unlikely to cause any prejudice to any parties, harm the administration of justice, or delay resolution of this case because this action has already resolved. *See* Dkts. 45, 48. Accordingly, there is good cause to allow Counsel's withdrawal.

## III. CONCLUSION

Accordingly, Counsel's motion to withdraw is **GRANTED**.

This Order disposes of Docket No. 56.

**IT IS SO ORDERED.**

Dated: September 11, 2026

AJAY KRISHNAN
United States Magistrate Judge